# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CLARENCE CLAY LOGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV416-064 |
| | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Clarence Logue, a well-known serial litigant in this Court, has filed a 42 U.S.C. § 1983 Complaint that rails against his public defender and the Chatham County, Georgia judicial system. Doc. 1. He also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2.

Indigent prisoners, although they must eventually pay the full civil filing fee, may avoid prepayment under 28 U.S.C. § 1915. To do so, they must first surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner barred from proceeding IFP due to the three strikes provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *See Searcy v. Fifth Judicial Circuit of Fla.*, 615 F. App'x 652, 653 (11th Cir. 2015); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). If he doesn't, the district court must dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Logue long ago accumulated three or more dismissals on grounds of frivolity, maliciousness, or failure to state a claim. *See Logue v. Chatham Cty. Det. Ctr.*, No. CV410-240 (S.D. Ga. July 30, 2012); (acknowledging Logue's three-striker status); *Logue v. Sheriff Al St. Lawrence*, No. CV410-286 (S.D. Ga. July 15, 2011) (dismissed as duplicative and for lack of exhaustion); *Logue v. Chatham Cty. Det. Ctr.*, No. CV408-042 (S.D. Ga. May 22, 2008) (dismissed for failure to state a claim); *Logue v. Prison Health Servs.*, No. CV406-283 (S.D. Ga. Feb. 261 2007) (dismissed for failure to prosecute); *Logue v. Parsons*, No. CV305-125 (S.D. Ga. Nov. 3, 2005) (dismissed for failure to prosecute); *Logue v. Chatham Cty. Det. Ctr.*, No. 05-10983 (11th Cir. Oct. 4, 2005) (appeal dismissed for failure to

2

state a claim and failure to exhaust remedies); *Logue v. Chatham Cty. Det. Ctr.*, No. CV404-218 (S.D. Ga. Feb. 9, 2005) (dismissed for failure to state a claim for relief and for lack of exhaustion); *Logue v. Chatham Cty. Det. Ctr.*, No. CV404-055 (S.D. Ga. Sept. 17, 2004) (dismissed for failure to prosecute).

Since Logue presents no allegations of imminent danger that may result in serious physical harm, *Skillern v. Jackson*, 2006 WL 1687752 at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)), § 1915(g) bars this action. His IFP motion (doc. 2) is **DENIED** and his Complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED,** this <u>  15th  </u> day of March, 2016.

<u>/s/ G.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3