
IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CLARENCE CLAY LOGUE,  )
  )
    Plaintiff,  )
  )
v.  )    CASE NO. CV416-064
  )
THE STATE OF GEORGIA,  )
  )
    Defendant.  )
  )

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 4), to which Plaintiff has filed objections (Doc. 10). The Magistrate Judge recommended the dismissal of Plaintiff's claims because Plaintiff is barred from proceeding in forma pauperis pursuant to the three strikes provision in 28 U.S.C. § 1915(g). (Doc. 4 at 2.) However, Plaintiff now claims that he is in imminent danger that may result in serious physical harm because he has not received a colonoscopy that was recommended by his doctor and was attacked by another inmate on the orders of prison officials. (Doc. 10 at 3.) Plaintiff claims that these occurrences entitle him to an exception to the three strikes provision of § 1915(g).

The imminent danger exception requires that a prisoner be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Eleventh

Circuit Court of Appeals has construed this exception to require specific allegations of present imminent danger that may result in serious physical harm. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Margiotti v. Nichols, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) ("General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)" citing Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003)). Conclusory allegations are not sufficient to establish the imminent threat of serious physical harm. See Brown, 387 F.3d at 1350. Moreover, "a court must only review the allegations made in a plaintiff's complaint or amended complaint for imminent danger, but not any additional allegations of injuries or danger complained of in subsequent filings" to determine whether the imminent danger exception is warranted. Davis v. Thomas Cty. Sheriff's Dept., 2006 WL 2567883, at *2 (M.D. Ga. Sept. 5, 2006).

Plaintiff's claims that he is in danger because he has not received a colonoscopy and was attacked by a fellow inmate are insufficient to avoid the bar of § 1915(g). Specifically, Plaintiff made no such allegations in his complaint.[1] Moreover,

---

[1] Plaintiff did allege that he suffered a seizure, hit is head, and cut his arms during an arrest. However, these claims are not related to his new allegations of an attack by a fellow inmate

2

by his own admission, Plaintiff has received treatment on each occasion where he has suffered illnesses allegedly related to his colonoscopy. (Doc. 10 at 1-2.) Likewise, Plaintiff has provided only "conclusory, speculation about what may happen if he does not receive [the] additional treatment he seeks." Margiotti, 2006 WL 1174350 at *3. Finally, his allegations of future injuries stemming from attacks by fellow inmates are likewise vague and speculative. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion and Plaintiff's 42 U.S.C. § 1983 complaint is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 22ND day of June 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

and "an allegation of past imminent danger will not invoke this exception." Medburry, 185 F.3d at 1192-93.